**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THOMAS MURPHY, | ) |
|           Petitioner, | ) |
| vs. | ) Case No. 06-CV-524-TCK-PJC |
| JUSTIN JONES, Director,[1] | ) |
|           Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state inmate and appears *pro se*. Respondent filed a response to the petition (Dkt. # 10) asserting that Petitioner's claims are procedurally barred. Petitioner filed a reply to Respondent's response (Dkt. # 12), a supplement to the reply (Dkt. # 13), and a supplement to the petition (Dkt. # 15). For the reasons discussed below, the Court finds that Petitioner's claims should be denied as procedurally barred.

*BACKGROUND*

Petitioner challenges the Judgment and Sentence entered against him in Tulsa County District Court, Case No. CF-2005-3693. In that case, on November 29, 2005, Petitioner entered a pleas of guilty to two counts of Lewd Molestation and one count of Possession of Child Pornography. He was sentenced to ten (10) years on each count, with five (5) years suspended, with

---

[1] In his petition, Petitioner identifies Sam Calbone, Warden, and W. A. Drew Edmondson, the Attorney General of Oklahoma, as Respondents. Petitioner is presently incarcerated at a private prison. The proper respondent in this case, the state officer having custody of Petitioner, is Justin Jones, the current director of the Oklahoma Department of Corrections. Therefore, the Clerk of Court shall be directed to substitute Justin Jones for Sam Calbone and W.A. Drew Edmondson as the party Respondent in the record for this case.

the sentences ordered to be served concurrently. Petitioner did not file a motion to withdraw his guilty plea and did not otherwise perfect a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA").

On March 7, 2006, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 10, Ex. 1. By order filed April 20, 2006, the state district court denied the application. See id. Petitioner did not appeal the denial of post-conviction relief to the OCCA.

On September 27, 2006, Petitioner filed his federal petition for writ of habeas corpus See Dkt. # 1. In his federal petition, Petitioner claims that his guilty pleas were coerced, that his 5th Amendment rights were violated because he was "told to sign and state I was guilty for plea bargain," that he was not allowed to bring witnesses forward on his behalf, that he has been subjected to cruel and unusual punishment in violation of the 8th Amendment, that he has been deprived of due process, and that he was deprived of the effective assistance of counsel. In response to the petition, Respondent argues that Petitioner's claims are procedurally barred.

### *ANALYSIS*

**A.  Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). The Court finds that the Petitioner has not presented any claim to the OCCA and, as a result, his claims are unexhausted. In light of the procedural posture of this case, however, the Court further finds it would be futile to require Petitioner to return to state court because his unexhausted claims would undoubtedly be subject to a procedural bar independent and adequate to prevent habeas corpus review. Therefore, there is no available state corrective process,

and consideration of the claims is not precluded by the exhaustion requirement of § 2254(b). Nonetheless, as discussed in Part C, the claims are procedurally barred. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (describing application of "anticipatory procedural bar" to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it).

The Court also finds that an evidentiary hearing is not necessary as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

## B. Preliminary consideration

As a preliminary matter, the Court shall consider the supplement to the petition (Dkt. # 15) filed by Petitioner on January 4, 2007. In the supplement (Dkt. # 15), Petitioner complains of a scrivener's error as to Count 3 of the Judgment and Sentence entered against him. In support of his claim, he attaches the Judgment and Sentence, erroneously identifying the conviction on Count 3 as Lewd Molestation instead of Possession of Child Pornography. See Dkt. # 15, attachment. The Court notes that the docket sheet for Tulsa County District Court, Case No. CF-2005-3693, viewed at www.oscn.net, reflects that an amended judgment was entered on March 8, 2007, correcting the error and providing that the Count 3 conviction is Possession of Child Pornography not Lewd Molestation. Thus, the state district court has corrected the error and Petitioner's request for relief asserted in the supplement to the petition has been rendered moot.

## C. Petitioner's claims are procedurally barred

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for

3

the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "in the vast majority of cases." Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

As stated above, Petitioner did not file either a *certiorari* or a post-conviction appeal and has never presented any claim to the OCCA. Thus, he has defaulted his claims twice: first, when he failed to file a motion to withdraw his guilty pleas and perfect a *certiorari* appeal, and second, when he failed to file a post-conviction appeal. If Petitioner were to return to state court to seek a post-conviction appeal out of time, he would be required to demonstrate that he was denied an appeal through no fault of his own. See Rule 2.1(E)(1), *Rules of the Oklahoma Court of Criminal Appeals*. In his habeas petition, Petitioner offers nothing to suggest that he was denied a post-conviction appeal through no fault of his own. The only explanation offered by Petitioner is that he did not pursue a post-conviction appeal because he did not know that he could. As nothing suggests Petitioner could make the necessary showing, the state courts would undoubtedly deny a request for a post-conviction appeal out of time and impose a procedural bar on Petitioner's claims. That procedural bar would be an "independent" state ground because state law would provide "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In addition, the procedural bar would be based on "adequate" state grounds sufficient to bar the claim on federal habeas corpus review. The OCCA routinely applies Okla. Stat. tit. 22, § 1086, to bar claims that could have been

4

but were not raised in either a *certiorari* appeal or a first application for post-conviction relief. As a result, the Court concludes that Petitioner's claims are procedurally barred.

Because of his procedural defaults, this Court may not consider Petitioner's claims unless he is able to show cause and prejudice for the defaults, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition, Petitioner alleges that he did not pursue a post-conviction appeal because he was "informed that [he] could not longer use the post-conviction relief" and because he does "not have too much knowledge of law." See Dkt. # 1. He makes similar allegations in his reply to Respondent's response. See Dkt. # 12. Petitioner's lack of legal knowledge, however, is insufficient as a matter of law to constitute "cause." Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citing Cornman v. Armontrout, 959 F.2d 727, 729-30 (8th Cir. 1992) (citing cases for the propositions that neither below-average intelligence, *pro se* status or lack of formal legal training constitute "cause")). As to his failure to perfect a *certiorari* appeal, Petitioner makes unsupported allegations that he and his mother attempted to contact his attorney at some point following entry of his guilty pleas, but

5

that it was "2 ½ weeks before he responded." See id. Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea. As a result, the Court finds that Petitioner's unsupported, conclusory statements are insufficient to serve as "cause" to overcome the procedural bar applicable to his claims. Because Petitioner has failed to demonstrate "cause," the Court need not assess the "prejudice" component of the inquiry.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. A petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In the instant case, Petitioner claims to be innocent of the crimes to which he pled guilty. However, he has failed to present new evidence in support of his claim of innocence. Therefore, the Court finds Petitioner may not utilize the fundamental miscarriage of justice exception to overcome the procedural bar applicable to his claims.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court

concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. Habeas corpus relief shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner's claims are procedurally barred from federal habeas corpus review. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk of Court shall substitute Justin Jones, Director, as party Respondent in place of Sam Calbone, Warden, and W.A. Drew Edmondson.

2. The petition for writ of habeas corpus (Dkt. # 1) is **denied**.

3. A separate judgment shall be entered in this case.

DATED THIS 16th day of September, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE